IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv505
(3:05cr376)

| | |
|---|---|
| GEORGE E. DIRI, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATED OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1); Petitioner's Clarifying Affidavit[1] (Doc. No. 3); the Government's Response and Motion for Summary Judgment (Doc. Nos. 11 and 12); and Petitioner's Reply to the Government's Motion (Doc. No. 19). For the reasons stated below, Petitioner's Motion to Vacate will be **DENIED** and **DISMISSED**, and the Government's Motion for Summary Judgment will be **GRANTED**.

I. PROCEDURAL HISTORY

On October 25, 2005, Petitioner was indicted for crimes relating to the alleged harassment and intimidation of the owners of a competing convenience store. (Case No. 3:05cr376, Doc. No. 3: Indictment). On December 7, 2005, Petitioner appeared before a United States magistrate judge and pleaded guilty to Count Eight, charging the use and carrying of a

---

[1] Although this pleading is styled as an affidavit, it is not sworn. (Doc. No. 3 at 6). Accordingly, the Court will refer to it as a memorandum.

firearm during and in relation to Hobbs Act extortion, in violation of 18 U.S.C. § 924(c).[2] As part of his plea, Petitioner agreed to assist the Government by providing truthful information about criminal activity. (Id., Doc. No. 26: Plea Agreement ¶ 20). During a subsequent debriefing with the Government, Petitioner implicated himself in an uncharged arson. (Doc. No. 3: Mem. at 3).

According to Petitioner's sequence of events, the Government then filed Second and Third Superseding Bills of Indictment (Id., Doc. Nos. 76 and 87), which added conspiratorial overt acts relating to an arson on June 29, 2004 (Count One, ¶¶ K, L, M) and a substantive arson charge (Count Three). Petitioner entered into a second Plea Agreement, admitting his guilt to Count One of the Third Superseding Indictment, in addition to his prior plea to Count Eight of the original Indictment. (Id., Doc. No. 122: Second Plea Agreement ¶ 1). That plea was entered on September 27, 2006.

On March 7, 2007, the Court sentenced Petitioner to 87 months on Count One and 120 consecutive months on Count Eight,[3] for a total of 207 months' imprisonment. (Id., Doc. No. 141: Judgment at 2). Petitioner did not file a direct appeal, but timely filed the instant § 2255 Petition. (Doc. No. 1). In Ground One, he claims that his counsel was ineffective for: spending only a short time with him reviewing the Presentence Report ("PSR"); failing to object to the Court's findings regarding restitution; allowing Petitioner to offer incriminating statements

---

[2] Petitioner originally entered an agreement to plead guilty to Count Six, another § 924(c) charge related to a separate incident. (Case No. 3:05cr376, Doc. No. 26: Plea Agreement ¶ 1). During Petitioner's Rule 11 hearing, however, the parties orally amended the plea agreement resulting in a plea to Count Eight instead. (Id., Doc. No. 103: Plea Hr'g Tr. at 2-3; Doc. No. 26: Amended Plea Agreement).

[3] The parties agreed that the firearm was discharged during the offense; therefore, a ten-year mandatory minimum penalty applied. 18 U.S.C. § 924(c)(1)(A)(iii).

2

during his debriefings, later resulting in his Hobbs Act charge; failing to share discovery materials prior to entry of his guilty pleas; and laboring under a conflict of interest. (Id. at 5).[4] In his Memorandum, Petitioner details additional claims of ineffective assistance of counsel for advising Petitioner to fail to disclose his involvement in the uncharged arson and failing to assure a downward departure based on cooperation.[5] (Doc. No. 3: Mem. at 2-3, 5). In his Response to the Government's Motion for Summary Judgment, filed well after the § 2255 limitations period, Petitioner adds that his counsel was ineffective for failing to test the Government's proof on his § 924(c) charge before advising him to plead guilty. (Doc. No. 19 at 3-4). In Grounds Two of the Petition, he seeks specific performance of the Plea Agreement, which allegedly would result in a sentence reduction. (Doc. No. 1: Motion at 6). In Grounds Three and Four, Petitioner claims prosecutorial misconduct on the basis of defense counsel's alleged conflict of interest and the Government's failure to move for a downward departure. (Id. at 6-9). The Memorandum adds a claim of prosecutorial misconduct for filing new charges after Petitioner was debriefed. (Doc. No. 3: Mem. at 5).

II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and

---

[4] In his motion, Petitioner also raised a claim for ineffective assistance alleging that his counsel failed to file a direct appeal despite Petitioner's instruction that he do so. See United States v. Peak, 992 F.2d 39, 41-42 (4th Cir. 1993). The Court conducted an evidentiary hearing on June 6, 2009, and found that Petitioner had not in fact instructed his counsel to file an appeal. Petitioner's remaining claims are addressed below.

[5] This Memorandum was filed on May 5, 2008, more than one year after the judgment become final on or about April 11, 2008. Because there is no evidence in the record as to when the Memorandum was given to correctional officials for mailing, the Court will consider it timely filed for purposes of this Order and consider its claims on their merits.

the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If the motion is not dismissed after that initial review, a district court must direct the Government to respond. Id. A court must then review the Government's answer and any materials submitted by the parties and determine whether an evidentiary hearing is warranted. Rule 8(a). A district court may dismiss a petitioner's claim without an evidentiary hearing when the pleadings and additional materials submitted by the parties conclusively show that a petitioner is not entitled to relief on any of his § 2255 claims. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

Additionally, summary judgment is appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (applying standard to motion to vacate). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).

Following a review of the entire record, the Court finds that the pleadings and additional materials submitted by the parties conclusively show that Petitioner is not entitled to relief on any of his claims; thus, a hearing is not required.

### III. LEGAL DISCUSSION

#### A. Ineffective Assistance of Counsel

In his first ground for relief, Petitioner makes various claims regarding his counsel's

representation. To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). As movant, the petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983)).

To prove Strickland prejudice, a petitioner must demonstrate not only "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," but also that "the result of the proceeding was fundamentally unfair or unreliable." Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Strickland, 466 U.S. at 694 and Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). If challenging the validity of his guilty plea, a petitioner must show that but for counsel's errors, a reasonable defendant in his position would have insisted on going to trial. Burket v. Angelone, 208 F.3d 172, 190 (4th Cir. 2000) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)). If challenging his sentence, a petitioner must show, at a minimum, a "reasonable probability that his sentence would have been more lenient" but for counsel's errors. Royal v. Taylor, 188 F.3d 239, 249 (4th Cir. 1999) (internal quotations omitted). If a petitioner fails to demonstrate prejudice, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1297 (citing Strickland, 466 U.S. at 697).

       1.     PSR Review and Restitution

Petitioner contends that his counsel was ineffective for spending only ten minutes reviewing his PSR with him. (Doc. No. 1: Motion at 4). Even so, Petitioner admits that counsel

5

provided a copy of the PSR to him and that he had the opportunity to review it. (Doc. No. 3: Mem. at 2). He generally complains that counsel did not inform the Court of Petitioner's disagreements with the PSR, (Id.), but the only substantive complaint raised is that the Court did not determine the exact amount of restitution for which he is responsible, (Doc. No. 1: Motion at 5). However, the Court did determine an exact figure for which the co-conspirators were jointly and severally liable. (Case No. 3:05cr376, Doc. No. 141: Judgment at 4). Therefore, this issue is without merit. See 18 U.S.C. § 3664(h) (each defendant may be held liable for full amount of restitution where more than one defendant contributed to victim's loss).

Moreover, at his sentencing hearing, the Court asked Petitioner whether he had read and understood his PSR and whether he had an adequate opportunity to review it with his attorney. (Case No. 3:05cr376, Doc. No. 164: Sent'g Tr. at 3). Petitioner unequivocally answered in the affirmative to each of these questions. (Id.). Petitioner's allegations in the Motion and Memorandum about the time counsel spent with him insufficient to overcome the strong presumption of truth afforded to his statements to the contrary made before the Court. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (statements in open court "carry a strong presumption on verity"). Thus, the record clearly shows that Petitioner is not entitled to a hearing on this issue on the claim that his counsel failed to spend enough time reviewing the PSR with him and failed to object to the restitution order.

2. Debriefing

Petitioner next claims that his counsel was ineffective for allowing him to incriminate himself in debriefings, resulting in new charges. (Doc. No. 1: Motion at 5). In the first plea agreement, Petitioner obligated himself to provide truthful information and allowed the Government to make indirect use of any information he provided. (Case No. 3:05cr376, Doc.

No. 26: Plea Agreement at § 20). The plea was knowingly entered as evidenced by Petitioner's statements under oath during the Rule 11 hearing that he understood the terms of the agreement and his failure to ask any questions when given the opportunity to do so. (Id., Doc. No. 103: Plea Hr'g Tr. at 14, 18).

Petitioner has not established an objectively reasonable standard that counsel violated in allowing him to enter the plea agreement. Although it called for debriefings, Petitioner faced a mandatory minimum ten-year sentence and cooperation provided a way to possibly reduce his exposure. In light most favorable to Petitioner, counsel advised him "not to concern himself with a third fire" during the debriefings because the Government already considered another person responsible for it. (Doc. No. 3: Mem. at 3). Apparently against that advice, Petitioner ultimately confessed his involvement with that incident and was charged with arson. (Id.). Accordingly, counsel was not responsible for Petitioner's choice to divulge that information.

3.     Discovery

Petitioner next alleges that counsel's failure to turn over to him audio and video recordings obtained in discovery "play[ed] a part" in his decision to plead guilty. (Id. at 4). This allegation falls short of what is required to prove ineffective assistance of counsel regarding a guilty plea; to establish such a claim a petitioner must show that but for counsel's error a reasonable defendant would have gone to trial. Burket, 208 F.3d at 190. There is no evidence that reviewing the recordings would have led a reasonable defendant in Petitioner's circumstances to insist on a jury trial. Moreover, Petitioner testified at his plea hearing that he was satisfied with counsel's services and even described them as "great." (Case No. 3:05cr736, Doc. No. 103: Plea Hr'g Tr. at 8). Thus, the record clearly shows that Petitioner is not entitled to relief on his claim that counsel's alleged failure to turn over certain discovery materials caused him prejudice.

4. Conflict of Interest

Petitioner next contends that counsel was ineffective because "there was some kind of conflict (which may or may not have been resolved) without [his] knowledge, between the Government and [his] counsel."[6] (Doc. No. 1: Motion at 4). An actual conflict of interest that adversely affects counsel's representation violates a defendant's Sixth Amendment rights. United States v. Tatum, 943 F.2d 370, 375 (4th Cir. 1991) (citing Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980)). "More than a mere possibility of a conflict, however, must be shown. The Sixth Amendment is implicated only when the representation of counsel is adversely affected by an actual conflict of interest." Id. (emphasis in original).

Here, after Petitioner entered his first guilty plea in December 2005, counsel attended FBI interviews with members of Petitioner's family. (Case No. 3:05cr736, Doc. No. 113: Motion for Status of Counsel Hearing at 1). When a superseding indictment charged Petitioner and his brother with additional crimes, counsel notified the Court and parties that his contact with Petitioner's brother raised a potential conflict of interest.[7] (Id. at 2). A hearing was never held on the motion; instead, Petitioner entered a second plea agreement on September 25, 2006. (Case No. 3:05cr736, Doc. No. 122: Second Plea Agreement). At the subsequent Rule 11 hearing, Petitioner continued to be satisfied with counsel's services and remarked, "He's a great lawyer." (Id., Doc. No. 124: Acceptance and Entry of Guilty Plea at 4). There is no evidence that counsel

---

[6] This claim is repeated in Petitioner's third ground for relief, alleging prosecutorial misconduct. (Doc. No. 1: Motion at 8). Petitioner does not provide any basis to hold the Government responsible for actions of defense counsel.

[7] This information was also discussed in open court in the defendant's presence at his arraignment on the Third Superseding Indictment on July 13, 2006. (This hearing has not been transcribed, but the Court reviewed an audio recording of the proceedings).

labored under an actual conflict of interest in his representation of Petitioner; thus, a hearing on this claim is not warranted.

5. Downward Departure

Petitioner next claims that counsel was ineffective at sentencing for failing "to assure a downward departure based on presentence cooperation." (Doc. No. 3: Mem. at 5). According to the plea agreement, the Government retained sole discretion whether to move to a sentence reduction based on substantial assistance. (Case No. 3:05cr376, Doc. No. 26: Plea Agreement ¶ 21; Doc. No. 122: Second Plea Agreement ¶ 21). Thus, there is no reasonable probability that but for counsel's alleged error that the sentence would have been more lenient. The record clearly shows that Petitioner is not entitled to relief on this claim.

6. Adversarial Testing

In his Response to the Government's Motion for Summary Judgment, Petitioner claims, for the first time, that counsel was ineffective for advising him to plead guilty without "putting the government to the adversarial testing process." (Doc. No. 19 at 3-4). Petitioner's judgment was entered March 28, 2007, (Case No. 3:05cr376, Doc. No. 141), and became final ten days later when he did not file a direct appeal. United States v. Clay, 537 U.S. 522, 532 (2003). The Response was filed on September 4, 2008, well beyond the one-year statute of limitations generally applicable to his claims. 28 U.S.C. § 2255(f)(1). The new allegation is not saved by Fed. R. Civ. P. 15(c)(2) because it does not relate back to the any issue in the original Motion or supporting Memorandum, (Doc. Nos. 1 and 3). Although ineffective assistance of counsel was alleged in those pleadings, the instant claim involves a distinctly different type of deficiency,

and, therefore, does not relate back and is time-barred.[8] United States v. Craycraft, 167 F.3d 451, 457 (8th Cir. 1999) (cited with approval in United States v. Pittman, 209 F.3d 314, 318 (4th Cir. 2000).

        B.        Prosecutorial Misconduct

            1.        Substantial Assistance

In his second ground for relief, Petitioner seeks specific performance of the plea agreement, which he claims requires a sentence reduction. (Doc. No. 1: Motion at 6). This claim is repeated as a claim of prosecutorial misconduct in his fourth ground for relief. (Id. at 9). Petitioner asserts that he provided truthful information used to prosecute other parties and was, therefore, entitled to a downward departure based on his cooperation. As detailed above, the Government reserved in the Plea Agreements the sole discretion to determine whether Petitioner's cooperation merited a motion for downward departure. (Case No. 3:05cr376, Doc. No. 26: Plea Agreement ¶ 21; Doc. No. 122: Second Plea Agreement ¶ 21). To warrant an evidentiary hearing, a petitioner must offer more than a bare allegation of an unconstitutional or illegitimate motive for the government's refusal to move for a sentence reduction; he must make a "substantial threshold showing" that such an improper motive existed. United States v. LeRose, 219 F.3d 335, 342 (4th Cir. 2000) (citing Wade v. United States, 504 U.S. 181, 186 (1992) ). Here, there is not even an allegation that the Government acted with unconstitutional or illegitimate motives. Therefore, Petitioner is not entitled to a hearing on this claim.

---

[8] Even if the Court were to consider the merits of this claim, Petitioner is not entitled to a hearing. Petitioner has not established what level of adversarial testing prior to plea would have satisfied the Constitution. In his plea hearing, Petitioner testified that he had consulted with his attorney, that he was knowingly giving up the right to confront witnesses against him at trial, and that he was in fact guilty of the charge. (Case No. 3:07cr357, Doc. No. 103: Plea Hr'g Tr. at 2, 10, 11).

2. New Charges

In his Memorandum, Petitioner asserts the Government improperly brought new charges following his numerous debriefings. (Doc. No. 3 at 5-6). As detailed above, the Plea Agreement allowed the Government to make indirect use of Petitioner's statements. (Case No. 3:05cr376, Doc. No. 26: Plea Agreement ¶ 20). It is mere speculation by Petitioner that the charges relating to the June 29, 2004, arson were based directly on his own statements. In fact, the Government informed the magistrate judge at Petitioner's arraignment on the Third Superseding Indictment that co-conspirators implicated Petitioner in the previously uncharged arson and that Petitioner breached the Plea Agreement by admittedly providing false information during debriefings. Because there is no evidence in the record that the Government improperly used the information obtained in Petitioner's debriefing against him, a hearing is not warranted on this claim.

IV. CONCLUSION

After reviewing the entire record in the light most favorable to Petitioner, the Court finds no genuine issues of material fact such that a rational trier of fact could find that Petitioner is entitled to relief on any of his claims.

**IT IS, THEREFORE ORDERED** that:

1    the Government's Motion for Summary Judgment (Doc. No. 12) is **GRANTED**;

2    Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DENIED** and **DISMISSED**; and

3    that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).

Signed: October 12, 2010

Robert J. Conrad, Jr.
Chief United States District Judge