UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-476-RJC
(3:05-cr-376-RJC-1)

| GEORGE E. DIRI, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate Sentence under Johnson v. United States, 135 S.Ct. 2551 (2015), arguing that his conviction for violating 18 U.S.C. § 924(c) is invalid. (Doc. No. 1).

## I. BACKGROUND

Petitioner was indicted along with two co-defendants in the underlying criminal case for his participation in a Hobbs Act extortion and arson conspiracy. The charges in the original Indictment pertaining to Petitioner are: Count (1), conspiracy to commit Hobbs Act extortion, arson, and property damage by arson, and using, carrying, and possessing a firearm in furtherance of a crime of violence, "extortion (18 U.S.C. § 1951);" Counts (5), (7), (9), attempted Hobbs Act extortion and aiding and abetting; and Counts (6), (8), (10), using and carrying a firearm in furtherance of a crime of violence, "extortion (18 U.S.C. § 1951)." (3:05-376-cr-87, Doc. No. 3 at 2, 7, 8) (Indictment). The overt act for the conspiracy charged in Count (1), paragraph 14 of the Indictment is: "On or about October 6, 2004, BROWN and other persons used a .40 caliber handgun to shoot into the Midtown Food Mart #2 while the store owners and store customers

1

occupied the store." (Id., Doc. No. 3 at 3);

Petitioner pled guilty to Count (8)[1] of the Initial Indictment and "admit[ted] to being in fact guilty as charged in that Count." (Id., Doc. No. 26 at 1) (First Plea Agreement). The First Plea Agreement reserves the Government's right to "proceed on any properly-filed dismissed, pending, superseding, or additional charges." (Id.). At the Rule 11 hearing, the prosecutor described the crime underling Count (8) as "extortion," that is, the overt act charged in Count (1), paragraph 14 of the Indictment. (Id., Doc. No. 103 at 4-5). The Court went on to describe Count (8) as carrying a firearm during and in furtherance of "this extortion…." (Id., Doc. No. 103 at 6).

The Government subsequently filed a Third Superseding Indictment that charged Petitioner with: Count (1), Hobbs Act extortion conspiracy; Count (2) aiding and abetting attempted Hobbs Act robbery; Count (3), aiding and abetting arson; Count (4), aiding and abetting attempted property destruction using fire and explosive materials; Count (5), use, carrying and possession of a firearm during and in relation to a crime of violence, a violation of 18 U.S.C. § 1951, and aiding and abetting the same (18 U.S.C. §§ 924(c) and 2); Count (7), aiding and abetting the use and carrying a firearm in furtherance of a crime of violence, a violation of 18 U.S.C. § 1951 (18 U.S.C. §§ 924(c) and 2). (Id., Doc. No. 87) (Third Superseding Indictment).

Petitioner entered into the Second Plea Agreement in which he pled guilty to Count (1) of the Third Superseding Indictment, Hobbs Act extortion conspiracy. (Id., Doc. No. 122 at 1). The First Plea Agreement remained in full force and effect. (Id.). Both Plea Agreements state Petitioner's understanding that, "if he breaches [the] Plea Agreement, or violates federal, state or local law, or any order of any court, … the United States will be relieved of its obligation under

---

[1] See (Id., Doc. No. 26-1 at 1) (correction of the Plea Agreement's original reference to Count (6) as a reference to Count (8)); (Id., Doc. No. 103 at 2-3).

2

[the] Plea Agreement, but the Defendant will not be allowed to withdraw his guilty plea." (Id., Doc. No. 26 at 7); (Id., Doc. No. 122 at 8).

The Court accepted both of Petitioner's pleas, (Id., Doc. Nos. 30, 124), and sentenced him to 87 months' imprisonment for the conspiracy in Count (1) and 120 months for the § 924(c) violation in Count (8), consecutive, for a total of 207 months' imprisonment followed by a total of five years of supervised release. (Id., Doc. No. 141). Petitioner did not appeal.

Petitioner filed a *pro se* Motion to Vacate in 2007, case number 3:07-cv-505. The Court dismissed and denied the Motion to Vacate and granted summary judgment in the Government's favor. Diri v. United States, 2010 WL 3991482 (W.D.N.C. Oct. 12, 2010).

Petitioner filed the instant § 2255 Motion to Vacate through counsel on June 24, 2016 raising a claim pursuant to Johnson v. United States, 135 S.Ct. 2551 (2015) with the Fourth Circuit's authorization to do so. (Doc. Nos. 1, 1-1). This case was stayed for several years pending the Fourth Circuit's consideration of United States v. Ali, Case No. 15-4433 and United States v. Simms, Case No. 15-4640. (Doc. No. 4).

Petitioner filed a Supplemental Memorandum in support of the § 2255 Motion to Vacate following the United States Supreme Court's issuance of its decision in United States v. Davis, 139 S.Ct. 2319 (2019), in which it held that § 924(c)'s residual clause is unconstitutionally vague. (Doc. No. 5). Petitioner argues that the § 924(c) conviction is no longer valid because the underlying offense, conspiracy to commit Hobbs Act extortion in Count (1), is no longer a crime of violence.

The Government concedes that Petitioner's § 924(c) conviction should be vacated but asserts that the offense underlying the § 924(c) conviction is Hobbs Act extortion, not conspiracy. (Doc. No. 6). It further argues that a conviction for the "lesser included offense" of Hobbs Act

3

extortion, which Petitioner admitted by pleading guilty, should be "substituted" for the § 924(c) conviction. (Id. at 9).

Petitioner continues to assert that conspiracy to commit Hobbs Act extortion is the underlying offense for Count (8) and argues that substitution of Hobbs Act extortion for the § 924(c) conviction is improper because: this Court does not have the authority to substitute a new count of Hobbs Act extortion under the facts of the case; doing so would punish Petitioner for asserting his meritorious claim of actual innocence; the statute of limitations for substantive Hobbs Act extortion has expired; and substituting the offense would violate double jeopardy. (Doc. No. 9). Petitioner requests immediate release upon resentencing because he has already served the entire 87-month sentence for Count (1).

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

Section 924(c)(3)(B)'s residual clause is unconstitutionally vague. Davis, 139 S.Ct. at 2319.

The question, then, is whether the offense underlying Count (8) is a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Simms, 914 F.3d 229, 233 (4th Cir. 2019) (categorical approach is used to determine whether the statutory elements of an offense "necessarily require the use, attempted use, or threatened use of physical force" under § 924(c)'s force clause). The parties disagree about which offense underlies the § 924(c) count – substantive Hobbs Act extortion or conspiracy to commit Hobbs Act extortion. The Court finds that the underlying offense was Hobbs Act extortion which the Government correctly concedes is not a crime of violence under § 924(c)'s force clause.[2] See United States v. Iozzi, 420 F.2d 512, 515 (4th Cir. 1970) (holding that fear of economic loss is sufficient to support a conviction for Hobbs Act extortion).

---

[2] The result would be the same even if the underlying offense was conspiracy to commit Hobbs Act extortion. See Simms, 914 F.3d at 233 (Hobbs Act conspiracy does not categorically qualify as a crime of violence under 924(c)'s force clause).

The Government asks the Court to substitute another offense for the § 924(c) conviction. Petitioner cites a number of reasons why the Court is precluded from making such a substitution. The Court will not analyze each of these issues because the conclusion is mandated by the parties' binding plea agreements and the language of § 2255.

Each decision in this case – from Petitioner's decision to enter into the Plea Agreements to the Court's exercise of its discretion at sentencing – was based on the § 924(c) offense charged in Count (8) and, in the Second Plea Agreement, the conspiracy charged in Count (1).[3] See generally United States v. Archie, 771 F.3d 217, 222 (4th Cir. 2014) (mutual mistake of law underlying a plea agreement, resulting from a subsequent interpretation of the law, is not grounds for cancelling the plea agreement because "a plea agreement, like any contract, allocates risk" and the "possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompanied a guilty plea"). The Court will not rewrite history and substitute another offense for the § 924(c) offense upon which all the criminal proceedings were based and to which both parties bound themselves by entering into the Plea Agreements.

Further, the relief that the Government seeks is not supported by the plain language of § 2255. Section 2255 states that, if a court finds that collateral relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Section 2255 permits discharge, resentencing, a new trial, or sentence correction, but it does not permit the type of substitution of one offense for another that the Government urges.

Petitioner argues that he has already served the 87-month sentence for Count (1) and that

---

[3] The Government does not argue that Petitioner violated his plea agreement by pursuing § 2255 relief.

he should be immediately released upon resentencing. This argument is unavailing because defendant is sentenced to "one unified term of imprisonment." United States v. Smith, 115 F.3d 241, 246 (4th Cir. 1997) (quoting United States v. Smith, 103 F.3d 531, 535 (7th Cir. 1996)). A sentence is not completed until the entire sentence is fully discharged. Id.

The Fourth Circuit has adopted the sentencing package doctrine which embraces a holistic approach when sentencing a defendant convicted of multiple offenses. "[W]hen a defendant is found guilty on a multicount indictment, there is a strong likelihood that the district court will craft a disposition in which the sentences on the various counts form part of an overall plan," and that if some of the counts are vacated, "the judge should be free to review the efficacy of what remains in light of the original plan." United States v. Ventura, 864 F.3d 301, 309 (4th Cir. 2017) (quoting United States v. Townsend, 178 F.3d 558, 567 (D.C. Cir. 1999)). The Court finds that resentencing on Count (1) under the sentencing package doctrine is appropriate in this case.

Therefore, the conviction and sentence for violating § 924(c) in Count (8) will be vacated, that the sentence for Count (1) will be vacated, and Petitioner will remain in custody until he can be resentenced for Count (1).

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2255 Motion to Vacate is granted in part and denied in part. The conviction and sentence for Count (8) are vacated. The sentence for Count (1) is vacated and Petitioner shall remain in custody and he will be resentenced for that count at the Court's earliest opportunity.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 Motion to Vacate, (Doc. No. 1), is **GRANTED** in part and **DENIED** in part.

2. The judgment and sentence for Count (8) are **VACATED**.

3. The sentence for Count (1) is **VACATED** but Petitioner will remain in custody for resentencing on that count that will be scheduled by separate order.

4. The Clerk of Court is directed to certify copies of this Order to the Petitioner, counsel for the Petitioner, the United States Attorney, and the United States Probation Office.

5. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: October 8, 2019

Robert J. Conrad, Jr.
United States District Judge